IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

RICHARD K. FOLSOM and JAN L.            *
FOLSOM, Individually and as
Co-Administrators of the Estate         *
of Seth Ellis Folsom, Deceased,
                                        *
         Plaintiffs
                                        *
vs.
                                        *   CASE NO. 3:04-CV-42 (CDL)
KAWASAKI MOTORS CORP., U.S.A.;
KAWASAKI HEAVY INDUSTRIES, LTD.;        *
KAWASAKI MOTORS MANUFACTURING
CORP., U.S.A; JOE HOLLIFIELD;           *
BRADY A. STEVENS; and Z.S., a
minor,                                  *

         Defendants                     *

O R D E R

Plaintiffs disclosed two additional experts on September 15, 2006. Defendants contend that these experts were disclosed beyond the deadlines established in the applicable scheduling order and, therefore, should be excluded from testifying. For the reasons described in this Order, Defendants' Motion to Strike Plaintiffs' additional expert disclosures and exclude testimony (Doc. 40) is granted in part and denied in part.

The applicable scheduling orders establish different deadlines for the disclosure of each of Plaintiffs' experts, thus requiring the Court to analyze the disclosure issue separately for each expert. In their September 15, 2006 disclosure, Plaintiffs disclosed Michael S. Wogalter as a warnings expert who would testify about liability issues and J. Finley Lee as an economist expert. The applicable scheduling order required that liability experts such as Mr. Wogalter

be disclosed on or before September 1, 2005.  (Scheduling Order July 19, 2005.)  Subsequent amendments to the scheduling order did not alter the date for disclosure of such experts, and Plaintiffs filed no motion to amend the scheduling order to extend the deadline for disclosure of such experts.  The Court finds that Plaintiffs have not shown good cause for filing their disclosure of Mr. Wogalter over one year beyond the deadline.  Accordingly, Defendants' motion to exclude Mr. Wogalter as an expert in this case is granted.  *See* Fed. R. Civ. P. 16(b).

While the July 19, 2005 scheduling order set a specific deadline for disclosing experts such as Mr. Wogalter, that same order specifically excluded economist experts from the September 1, 2005 disclosure deadline.  Therefore, Plaintiffs were not required to disclose Mr. Lee prior to September 1, 2005.  Instead, the scheduling order required that economist experts be disclosed in sufficient time to allow them to be deposed prior to the close of discovery.  Although Plaintiffs' disclosure likely violates the spirit of the scheduling order, Plaintiffs' disclosure of Mr. Lee prior to the close of discovery is not clearly contrary to the scheduling order.[1]  In light of the ambiguity of the scheduling order as it relates to the disclosure of economist experts, the Court finds that Mr. Lee should not be excluded as an expert witness based upon untimely disclosure. Accordingly, Defendants' motion to exclude Mr. Lee as an

---

[1] It appears to the Court that the discovery extensions upon which Plaintiffs rely were not intended to apply to economist experts. However, the indefinite nature of the deadline for disclosing economist experts creates an ambiguity as to whether Plaintiffs' disclosure of its economist was untimely under the language of the scheduling order.

expert witness is denied.  Plaintiffs shall make Mr. Lee available for his deposition within thirty days of the date of this Order.

IT IS SO ORDERED, this 25th day of October, 2006.

                                               S/Clay D. Land
                                                    CLAY D. LAND
                                             UNITED STATES DISTRICT JUDGE